1

2                    IN THE UNITED STATES DISTRICT COURT

3                   FOR THE EASTERN DISTRICT OF CALIFORNIA

4

5

6    ROGER GUYTON,

7              Plaintiff,                    CV F 06 0345 OWW WMW P

8         vs.                                ORDER DISMISSING COMPLAINT
                                             WITH LEAVE TO AMEND
9

10   H. ALLISON,

11             Defendant.

12

13

14        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

15   § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

16   § 636(b)(1).

17        This action proceeds on the complaint.  Plaintiff, an inmate in the custody of the

18   California Department of Corrections at Folsom State Prison, brings this civil rights action

19   against Defendant H. Allison, a correctional counselor at Pleasant Valley State Prison.

20        Plaintiff's sole claim in this complaint is that Defendant denied his request for a family

21   visit.   Plaintiff specifically alleges that Defendant based his decision on false information.

22        To warrant relief under the Civil Rights Act, a plaintiff must allege and show that

23   defendant's acts or omissions caused the deprivation of his constitutionally protected rights.

24   Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993).    In order to state a claim under § 1983, a

25   plaintiff must allege that: (1) a person was acting under color of state law at the time the

26

                                              1

1  complained of act was committed; and (2) that person's conduct deprived plaintiff of rights,

2  privileges or immunities secured by the Constitution or laws of the United States.  Paratt

3  v.Taylor, 451 U.S. 527, 535 (1981).

4          The Due Process Clause protects prisoners from being deprived of life, liberty or

5  property without due process of law.  Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 459-

6  60 (1989).  In order to state a cause of action for deprivation of procedural due process, a

7  plaintiff must first establish the existence of a liberty interest for which the protection is sought.

8  Liberty interests may arise from the Due Process Clause itself or from state law.  Hewitt v.

9  Helms, 459 U.S. 460, 466-68 (1983).  "The denial of prison access to a particular visitor 'is well

10 within the terms of confinement ordinarily contemplated by a prison sentence,' and therefore is

11 not independently protected by the Due Process Clause."  Kentucky Dep't of Corr., 490 U.S. at

12 460 (quoting Hewitt, 459 U.S. at 468).  With respect to whether plaintiff has a liberty interest

13 arising from state law, the existence of a liberty interest created by prison regulations is

14 determined by focusing on the nature of the deprivation.  Sandin v. Conner, 515 U.S. 472, 481-

15 84 (1995).  Liberty interests created by prison regulations are limited to freedom from restraint

16 which "imposes atypical and significant hardship on the inmate in relation to the ordinary

17 incidents of prison life."  Id. at 484.

18         Simply put, Plaintiff does not have a Constitutionally protected interest in family visits.

19 Defendant's conduct, even if based upon false information, does not deprive Plaintiff of a

20 protected interest.  The complaint must therefore be dismissed.   The court will, however, grant

21 Plaintiff leave to file an amended complaint.

22         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

23 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

24 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

25 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

26

1   there is some affirmative link or connection between a defendant's actions and the claimed

2   deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir.

3   1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

4          In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

5   make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

6   complaint be complete in itself without reference to any prior pleading.  This is because, as a

7   general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375

8   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

9   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

10  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

11          In accordance with the above, IT IS HEREBY ORDERED that:

12          1.  Plaintiff's complaint is dismissed; and

13          2.  Plaintiff is granted thirty days from the date of service of this order to file a

14  first amended complaint that complies with the requirements of the Civil Rights Act, the Federal

15  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

16  docket number assigned this case and must be labeled "First Amended Complaint."  Failure to

17  file an amended complaint in accordance with this order will result in a recommendation that this

18  action be dismissed.

19

20  IT IS SO ORDERED.

21  **Dated:    July 31, 2006**            _____/s/  **William M. Wunderlich**_____
    mmkd34                                UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26