IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROGER GUYTON,

       Plaintiff,                              CV F 06 0345 OWW WMW P

   vs.                                    FINDINGS AND RECOMMENDATION

H. ALLISON, et al.,

       Defendants.

       Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       This action proceeds on the first amended complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections at Folsom State Prison, brings this civil rights action against Defendant H. Allison, a correctional counselor at Pleasant Valley State Prison, along iwth other correctional officials employed by the Department of Corrections at Pleasant Valley.

       Plaintiff's sole claim in this complaint is that his request for a family visit was denied. Plaintiff specifically alleges that the decision to deny his family visits is based upon incorrect information.

       To warrant relief under the Civil Rights Act, a plaintiff must allege and show that defendant's acts or omissions caused the deprivation of his constitutionally protected rights.

1

Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993).    In order to state a claim under § 1983, a plaintiff must allege that: (1) a person was acting under color of state law at the time the complained of act was committed; and (2) that person's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.  Paratt v.Taylor, 451 U.S. 527, 535 (1981).

The Due Process Clause protects prisoners from being deprived of life, liberty or property without due process of law.  Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 459-60 (1989).  In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law.  Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).  "The denial of prison access to a particular visitor 'is well within the terms of confinement ordinarily contemplated by a prison sentence,' and therefore is not independently protected by the Due Process Clause."  Kentucky Dep't of Corr., 490 U.S. at 460 (quoting Hewitt, 459 U.S. at 468).  With respect to whether plaintiff has a liberty interest arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation.  Sandin v. Conner, 515 U.S. 472, 481-84 (1995).  Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Id. at 484.

Simply put, Plaintiff does not have a Constitutionally protected interest in family visits. Defendant's conduct, even if based upon false information, does not deprive Plaintiff of a protected interest.  This action must therefore be dismissed.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim upon which relief could be granted.

These findings and recommendations are submitted to the United States District

Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B).  Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."   Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    February 12, 2007**              **/s/  William M. Wunderlich**
mmkd34                                                   UNITED STATES MAGISTRATE JUDGE